UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELIZABETH DiMAURO, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:12-cv-56-DBH |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal initially contended that she was not required to return to the defendant $1,348.00 in overpayments made to her in January and February 2010. At oral argument, she reported that the full amount of the February overpayment had been repaid and that she continued to contest only the defendant's intent to recover the January overpayment as well, leaving only $674 now at issue. With the issue before this court so limited, I recommend that the court vacate the commissioner's decision.

There is no dispute that the payments at issue should not have been made by the defendant. There is also no dispute that the plaintiff immediately reported to the defendant her receipt on January 15, 2010, of a payment from the Railroad Retirement Board that disqualified her for SSI for the months of January and February 2010. Record at 11, 12. The administrative law judge made no finding that, in response to the notification, any representative of the defendant told the plaintiff that she must immediately return the payment for January that she

---

[1] Oral argument was held before me on September 12, 2012, pursuant to Local Rule 16.2(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The plaintiff appeared *pro se*.

1

had received on December 31, 2009. The plaintiff, as noted, contends only that she should not be required to repay the January funds to the defendant. Her reasons, insofar as I understand them, are that it would be unfair to make her pay for the defendant's mistake and that she has already spent the money. Fact Sheet for Social Security Appeals: Plaintiff (ECF No. 15) at 2.[2]

The applicable regulation provides as follows:

> Waiver of adjustment or recovery of an overpayment of SSI benefits may be granted when . . .:
> (a) The overpaid individual was without fault in connection with an overpayment, and
> (b) Adjustment or recovery of such payment would either:
> (1) Defeat the purpose of title XVI, or
> (2) Be against equity and good conscience, or
> (3) Impede efficient or effective administration of title XVI due to the small amount involved.

20 C.F.R. § 416.550. A claimant bears the burden of demonstrating that she is entitled to a waiver. *Newberger v. Comm'r*, 293 Fed. Appx. 710, 710, 2008 WL 4173840, at **1 (11th Cir. Sept. 11, 2008).

The administrative law judge found that, because the plaintiff knew that she was not entitled to the payments at issue, she was not without fault in connection with the overpayments. Record at 12. "The overpaid individual . . . is not relieved of liability and is not *without fault* solely because the Social Security Administration may have been at fault in making the overpayment." 20 C.F.R. § 416.552 (emphasis in original). The finding that the plaintiff was not without fault made it unnecessary for the administrative law judge to consider the remaining elements of section 416.550. *Id*. at 13.

---

[2] The fact that the plaintiff has by now spent the money constituting the overpayment does not relieve her of any obligation to repay the funds. Were that a sufficient reason to keep an overpayment of government benefits to which the recipient knew she was not entitled, the recovery of any overpaid funds by the government would be far less likely. *See also Ivers v. Shalala*, 8 F.3d 27 (table), 1993 WL 394942, at *2 (9th Cir. Oct. 6, 1993) (even hardship caused by repayment not sufficient ground for waiver of repayment of Social Security funds).

Under Social Security regulations, acceptance of a payment which the claimant knew was incorrect constitutes fault. 20 C.F.R. § 416.552. The plaintiff admitted at oral argument that she knew that the January SSI payment, deposited to her bank account on December 31, 2009, had been an overpayment as soon as she received the railroad benefit check on January 15, 2010. Counsel for the commissioner asserted at oral argument that the plaintiff knew no later than December 2009 that she would be receiving the lump-sum payment under the railroad benefits program, but the letter he cited as authority is dated December 31, 2009, and was addressed to her lawyer. Record at 91-92. There is no evidence that the plaintiff knew that the January SSI payment was an overpayment at any time before January 15, 2010.

The only case law cited by the defendant, *Jones v. Social Sec. Admin.*, 150 Fed.Appx. 1, 2005 WL 2234165 (1st Cir. Sept. 15, 2005), does not address the question presented here: whether a recipient of benefits is at fault when an overpayment of benefits precedes her knowledge that the payment was in fact an overpayment. The administrative law judge in this case did not make that distinction as between the January and February payments either.

At oral argument, counsel for the commissioner contended that a recipient is also at fault for purposes of the applicable regulations when she fails to return an overpayment as soon as she becomes aware that it was an overpayment. The regulation he cited in support of this argument provides, in relevant part, that an individual is at fault with respect to an overpayment is one who "did not return a payment which [s]he knew or could have been expected to know was incorrect." 20 C.F.R. § 416.552   The regulation does not specify whether the recipient must have such knowledge at the time the payment was received or whether, instead, the fault exists whenever the recipient learns that the payment was incorrect, however long after its receipt the

recipient obtains that knowledge.  Here, the evidence is that the plaintiff did not know at the time she accepted the January payment on December 31, 2009, that it was an overpayment.

There is case law on this point.  In *Yuninger v. Heckler*, Civ. A. No. 84-0222, 1986 WL 5334, at *4 (E.D. Pa. May 5, 1986), the court found that, when a recipient did not learn until August 26 that her SSI payments for July and August were incorrect, she did not know nor could she have been expected to know that those payments were incorrect when she received them. Accordingly, the recipient was without fault under 20 C.F.R. § 416.552, and the analysis proceeded to the three factors listed in 20 C.F.R. § 416.550(b), which the administrative law judge did not reach in the instant case.  *Id.*; *see also Meyer v. Secretary of Health, Educ. & Welfare*, 513 F.Supp. 41, 44 (W.D. Mich. 1980) (recipient not at fault where record does not demonstrate she was aware that overpayment was occurring during her receipt of the SSI benefits in question).

The administrative law judge's decision that the plaintiff was not without fault as to the January 2010 overpayment of SSI benefits is not supported by substantial evidence in the record. The matter must be remanded for consideration of the three factors listed in 20 C.F.R. § 416.550(b), and the court should expect that the amount of the payment at issue will be considered by the defendant in that regard.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 27th day of September, 2012.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
